**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3181
_____

In re:  40 LAKEVIEW DRIVE, LLC, Debtor

GRACE S. WONG,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 2-18-cv-05551)
District Judge:  Honorable Jose L. Linares

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 24, 2019
Before:  CHAGARES, BIBAS and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 26, 2019)
_____

OPINION[*]
_____

PER CURIAM

     Grace Wong, proceeding <u>pro</u> <u>se</u>, appeals an order of the United States District

Court for the District of New Jersey dismissing her appeal of an order of the United

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

States Bankruptcy Court, and an order denying her motion for reconsideration. For the reasons that follow, we will affirm the judgment of the District Court.

40 Lakeview Drive, LLC filed a bankruptcy petition in 2015. On February 13, 2018, the Bankruptcy Court issued an order compelling Grace Wong, the managing member of 40 Lakeview Drive, LLC, to comply with a subpoena served by the Trustee requesting documents and her appearance for a deposition. The Trustee later moved to hold Wong in civil contempt for failure to comply with the order. The Bankruptcy Court held a hearing and, on March 29, 2018, ordered Wong to produce certain documents to the Trustee's counsel by April 2, 2018, and to appear for a deposition thereafter. The Court fined Wong $25.00 per day if she did not timely comply and ordered that she pay $3,050.00 in counsel fees. Wong appealed.

The District Court dismissed Wong's appeal on June 28, 2018 for failure to prosecute. The District Court explained that pursuant to Federal Rule of Bankruptcy Procedure 8018(a)(1), Wong was required to file her brief within 30 days of the docketing of the designation of the record on appeal, or by May 23, 2018, and she had not complied.

The District Court addressed the factors in Poulis v. State Farm Fire & Casualty Company, 747 F.2d 863 (3d Cir. 1984), and found that Wong was personally responsible for the failure to timely prosecute her appeal. The District Court noted that she had filed other appeals in the same underlying case and that she is well-aware of the requirements

2

of the Federal Rules of Bankruptcy Procedure.  The District Court also stated that the Trustee would be prejudiced if it allowed Wong to proceed, that Wong had a history of dilatoriness in the underlying bankruptcy case necessitating sanctions, and that some of her other appeals had been dismissed for procedural lapses.  The District Court found that she had shown willful conduct by missing deadlines with which she was familiar and that monetary sanctions would not be an effective alternative to dismissal.  The District Court concluded that, even if the appeal were to have some merit, dismissal remained warranted based on the other factors.  The District Court subsequently denied Wong's motion for reconsideration.  This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 158(d).  We review the District Court's order dismissing Wong's appeal for failure to prosecute for abuse of discretion, see Poulis, 747 F.2d at 868, and generally review its order denying reconsideration under the same standard.  Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

Wong argues on appeal that the District Court should have given her an opportunity to cure the deficiency and file her brief.  She states that a District Judge did so in another case in light of her pro se status.  This fact, however, does not support allowing Wong to file another late brief.  It shows that she did not meet a deadline in a different case.  Wong cites in her reply brief authority supporting the principle that a pro se litigant should be afforded an opportunity to cure deficiencies in a complaint.  These

3

cases are inapplicable. The District Court properly considered the Poulis factors in determining whether to dismiss Wong's appeal.

Wong also asserts, as she did below in her motion for reconsideration, that she did not receive by e-mail the notice of electronic filing of the docket entry addressing when her brief was due. She states that the District Judge failed to order the Clerk to send her a copy by regular mail. Wong appears to rely on the fact that, unlike a docket entry in another one of her cases, the docket entry addressing when her brief was due does not direct the Clerk to send her a copy by regular mail.

The District Court's internal docket, however, includes a record of mailing and reflects that notice of the docket entry was sent by regular mail to her address of record. In addition, Wong had filed motions in the underlying appeal prior to its dismissal, the related orders were also sent to her address of record by regular mail, and her filings reflect that she received them. Wong has not shown that relief is due based on an alleged failure by the District Judge to order the Clerk to send her the notice by regular mail.

Wong also states that the District Court did not inform her that she had violated the Court's rules by failing to file her brief. We have stated that a District Court may dismiss a case for failure to prosecute sua sponte, but that it should use caution in doing so because it may not have knowledge of the facts needed to make an informed decision. Brisco v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008). We have thus held that the District

4

Court should provide a plaintiff with an opportunity to explain his reasons for failing to prosecute or comply with its orders before dismissal.  Id.

Wong has not shown that the District Court erred in dismissing her appeal sua sponte or that it lacked adequate knowledge to assess the Poulis factors.  She has not addressed the District Court's assessment of these factors, and the only reason she advances on appeal for her failure to timely file her brief is that the District Judge did not order the Clerk to send her a copy of the docket entry by regular mail, a contention we have rejected.

Accordingly, we will affirm the judgment of the District Court.